IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                          CRIMINAL NO. 16-218 (GAG)

YARELIS E. GARCÍA-RUIZ [15],

Defendant.

## REPORT AND RECOMMENDATION

Defendant Yarelis E. García-Ruiz [15] was charged in Counts One, Seven, Eight, Nine, Eleven and Twelve of the Indictment and she agreed to plead guilty to Counts One and Eight of the Indictment. Count One charges Defendant, along with others, with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act, in violation of Title 18, United States Code, Section 1962(d). Count Eight charges Defendant with Bank Robbery, in violation of Title 18, United States Code, Section 2113(a), (d), (e), and 2.

On November 13, 2018, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Counts One and Eight of the Indictment, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement her

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the

United States of America v. Yarelis E. García-Ruiz [15]
Criminal No. 16-218 (GAG)
Report and Recommendation
Page 2

age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above-stated Counts One and Eight, she was examined and verified as being correct that: she had consulted with her counsel Anita Hill-Adames, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  She was also waiving her right to be presumed innocent and for the Government to meet the obligation of establishing her guilt beyond a reasonable doubt.  Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf.  She was

record.

also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify.  Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, indicated she freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, Defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty.  The Defendant understands that in relation to Count One of the Indictment, the penalty for the offense charged is a term of imprisonment of not more than twenty (20) years; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00); and a term of supervised release of not more than three (3) years.

As to Count Eight of the Indictment, the maximum statutory penalty is a term of imprisonment of not less than ten (10) years; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00); and a term of supervised release of not more than five

(5) years.

However, for the purposes of the Plea and Forfeiture Agreement, the parties have agreed that the defendant will be held accountable for the included offense, of putting in jeopardy the life of a person by using a dangerous weapon and device, to wit a firearm, which is punishable by a term of imprisonment of not more than twenty-five (25) years, a fine not to exceed two hundred fifty thousand dollars ($250,000) and a term of supervised release of not more than five (5) years.

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. §3013(a)(2)(A), for a total of two hundred dollars ($200.00).

Having ascertained directly from Defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(A) & (B))" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying her signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One and Eight, as to which Defendant already was aware of the maximum possible penalties, Defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be.  Defendant was specifically informed that if the sentencing

---

[2] Defendant acknowledged discussing the Plea Agreement Supplement with her counsel and stated she understood the terms and consequences of the same.  Defense counsel recognized she explained to Defendant the content of the Plea Agreement Supplement and explained to Defendant its consequences.

court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, Defendant would have no grounds for the court to allow her to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Counts One and Eight were grouped.  Pursuant to U.S.S.G. §2B3.1(a), the Base Offense Level is of twenty (20). An increase of two (2) levels is agreed for specific offense characteristics, pursuant to U.S.S.G. §2B3.1(b)(1)(A), financial institution. An increase of five (5) levels is agreed for a specific offense characteristic, pursuant to §2B3.1(b)(2)(C), firearm brandished. An increase of two (2) levels is agreed for a specific offense characteristic, pursuant to §2B3.1(b)(4)(B), person physically restrained. An increase of one (1) level is agreed for a specific offense characteristic, pursuant to §2B3.1(b)(7)(B), loss of more than $20,000. A decrease of two (2) levels is agreed for a specific offense characteristic, mitigating role: minor participation. Pursuant to U.S.S.G. §3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of twenty-five (25), yielding an imprisonment range of fifty-seven (57) to seventy-one (71) months, assuming a Criminal History Category of I; sixty-three (63) to seventy-eight (78) months, assuming a Criminal History Category of II; seventy (70) to eighty-seven (87) months, assuming a Criminal History Category of III; eighty-four (84) to one hundred and five (105) months, assuming a Criminal History Category of IV; one hundred (100) to one hundred and twenty-five (125) months, assuming a Criminal History Category of V; one hundred and

ten (110) to one hundred and thirty-seven (137) months, assuming a Criminal History Category of VI.

The parties make no stipulation as to any Criminal History Category for Defendant.

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), both parties will be requesting a sentence of imprisonment of 60 months at a total offense level of 25.

The United States and Defendant agree that no further adjustments or departures to the Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. §3553 shall be sought by either party. The parties agree that any request by either party for an adjustment or departure will be considered a material breach of the Plea Agreement, in which case, the Plea Agreement will be annulled and Defendant's rights as enumerated in paragraph thirteen (13) of the Plea Agreement will be reinstated.

As part of the written Agreement, the Government, the Defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

At sentencing, the United States will request the dismissal of all remaining counts against Defendant in the Indictment.

The Government presented to this Magistrate Judge and to Defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled

"Stipulation of Facts", which had been signed by Defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears.  Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea.  Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.  Defendant was also apprised the right to appeal is subject to certain limitations

allowed by law because her Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences.  Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because she is aware of its content, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Counts One and Eight was what she had done and to which she was pleading guilty during these proceedings.  Thereafter, Defendant expressed in no uncertain terms that she agreed with the Government's evidence as to her participation in the offense.  Thereupon, Defendant indicated she was pleading guilty to Counts One and Eight of the Indictment in Criminal No. 16-218 (GAG).

This Magistrate Judge after having explained to the Defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Eight of the Indictment in Criminal No. 16-218 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for March 5, 2019 at 9:00 AM before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this Report and Recommendation.  Amended Fed. R. Crim P. 59 (b)(2).  See also Amended Local Rules.

Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) (ASystemic efficiencies would be frustrated and the magistrate=s role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.@).

In San Juan, Puerto Rico, this 15th day of November of 2018.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE